Curia, per

Evans, J.
This case, in most of its features, is like the case of Stucky vs. Clyburn. In that case, I took occasion to express my opinion of the nature and extent of an express written contract of soundness, and how far it would be affected by defects known to the buyer at the time. I do not perceive any thing in the charge, as reported, at variance with the principles there laid down. It is stated in the report, that the “jury were told, that generally, when there is an express warranty, it would be wholly immaterial whether the defect was made known to the buyer, or whether the property was examined for him by a physician ; for the purchaser then, would have the right to stand on the express warranty, and would be entitled to recover, notwithstanding such proof.” It is clear, the circuit court did not consider the enlarged abdomen of the woman as one of those defects that are plain and obvious to the senses, and requires no skill to detect them. Her appearance was at least equivocal; it might be disease, or it might be that which would be removed in the ordinary course of nature, and whether it was the one or the other, could be ascertained only by a minute examination, and more knowledge of the subject than purchasers generally possess.
It is said in (Chitty on Contracts, 361,) that a warranty, after the sale was complete, or the contract was performed, would- not seem to be binding for want of consideration.” This is because the agreement to warrant is gratuitous merely, and not founded on any consideration passing between the parties at the time. And if the contract in this case had *193 been parol, this would have been the case, but no contract under seal is open to the objection that it is nudum pactum. And I cannot doubt that this distinction was not present to the mind of the presiding Judge, when he told the jury that the subsequent express warranty ought to be considered as a substitute for the implied one, “ and then, if the purchaser was fully informed as to the condition of the property by the physician, (Dr. Dargan,) he ought not to recover.” The jury did not find this fact to exist, for their verdict is inconsistent with it, and it is noticed here only because, as the case may be reported, other persons may be misled by the supposition, that it had received the sanction of this court.
The only remaining points in the case, are those that relate to the damages. The plaintiff contends that, as he offered to return the negro, he was entitled to recover back the whole purchase money. We concur with the presiding Judge: there was no sufficient tender of the slave to justify a rescisión of the contract. And besides, the plaintiff’s action is on the covenant, and he claims damages for a breach. There have been cases, where the whole amount of the purchase money has been recovered in an action on the warranty, but then it was because the property was utterly worthless, and damages were sustained to the full amount of the money paid. Until the contract is rescinded, or the buyer has tendered it back in reasonable time, which is equivalent to rescisión if he had a right to do so, no action for money had and received will lie until this is done ; the plaintiff’s remedy is on the warranty, and his damages must be regulated by the injury he has sustained. Of this the jury were the judges; and it seems to me, that, on a question of this sort, with all the facts before them, the opinion of the jury on the amount of damage sustained is entitled to as much respect, and is as apt to be right, as the opinion of the witnesses.
The motion is dismissed.
Porgan for the motion ; Sims, contra.
Richardson, Earle and Butler, JJ. concurred.